**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 8 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

SARAH WHITTIER BROWN,

    Plaintiff-Appellant,

    v.

DISTRICT OF COLUMBIA;
BARTOLOME BESTARD BONET;
HOLMES CHENEY BROWN;
MORTON BERG, Hearing
Commissioner; HONORABLE JAMES
W. WASHINGTON, JR.; ROGER A.
FINZEL; LEONARD L. KOENICK;
DAVID A. GESPASS; A. HUGH
DOUGLAS, US Consul 1973; RICHARD
G. HAEGELE, US Consul 1973/74;
AMERICAN FRIENDS SERVICE
COMMITTEE, INC.; and MARGARET
ANNE SHAKER,

    Defendants-Appellees.

No. 96-2238
(D.C. No. CIV 96-1147-JC)
(Dist. N.M.)

ORDER AND JUDGMENT[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Sarah W. Brown, appearing pro se, filed this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, asking the district court to declare void a divorce decree issued in 1973 by the District of Columbia Superior Court. The district court sua sponte dismissed plaintiff's complaint for lack of subject matter jurisdiction. Plaintiff appeals the dismissal and seeks leave to proceed in forma pauperis on appeal.

The underlying facts of this case are set forth in detail in the district court's order of dismissal. In summary, plaintiff married defendant Holmes Cheney Brown in 1964. The couple separated in 1969 while plaintiff was undergoing psychiatric care. Holmes Cheney Brown filed for divorce in 1973 and a divorce was granted on December 27, 1973, in the District of Columbia Superior Court. Plaintiff alleged she was undergoing psychiatric treatment in Malta during the time of the divorce proceedings and had no knowledge of or input into the proceedings.

After exhaustively reviewing applicable case law, the district court concluded the case fell within the domestic relations exception to federal subject matter jurisdiction because plaintiff was asking the court to declare the marital status of Holmes Cheney Brown and her. As an alternative basis for dismissal, the court concluded jurisdiction was not proper because of the pendency of similar proceedings in the United States Court of Appeals for the District of Columbia.[1]

We agree that the district court lacked subject matter jurisdiction over plaintiff's complaint. As noted by the court, the matrimonial exception to diversity jurisdiction, as

---

[1] We have located decisions from the District of Columbia Circuit dismissing three similar actions filed by plaintiff. Brown v. Koenick, 1997 WL 150101 (D.C. Cir. 1997); Brown v. Koenick, 1995 WL 791569 (D.C. Cir. 1995); Brown v. Brown, 1994 WL 315346 (D.C. Cir. 1994).

articulated in <u>Barber v. Barber</u>, 62 U.S. (21 How.) 582, 584, 16 L. Ed. 226 (1859), remains valid and precludes federal courts from exercising jurisdiction over cases involving divorces, alimony, or child custody. <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 703 (1992); <u>Williams v. Lambert</u>, 46 F.3d 1275, 1283 (2d Cir. 1995). Although the exception is narrow, it is clearly applicable where, as here, a party seeks modification of a divorce decree. <u>Ankenbrandt</u>, 504 U.S. at 701-02. Moreover, it is well established that federal courts lack subject matter jurisdiction to review a state court judgment, even if the state judgment is challenged as unconstitutional. <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 486 (1983).

Plaintiff's motion for leave to proceed in forma pauperis is DENIED and the appeal is DISMISSED. Plaintiff's motion to supplement the record on appeal is DENIED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge